IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARL JAMES CAVINESS, #26657**                                              **PETITIONER**

versus                                                  Civil Action No.  1:10-cv-157-LG-RHW

**JIM HOOD and DALE CASKEY**                                              **RESPONDENTS**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

BEFORE THIS COURT is [1] the Petition for Writ of Habeas Corpus filed by Carl James Caviness ("Petitioner") pursuant to 28 U.S.C. § 2254.  The petition is dated April 9, 2010, and stamped as filed by the Clerk on April 15, 2010.  Respondents have filed a [10] Motion to Dismiss Caviness' petition arguing that the it is time barred pursuant to 28 U.S.C. § 2244(d) and alternatively that the claims are procedurally barred.  As explained more fully below, the undersigned finds that petitioner's request for federal habeas relief pursuant to § 2254 is untimely.  Consequently, the petition should be dismissed with prejudice.  Petitioner also filed a [12] Motion in which he argues that the state has improperly calculated his sentence.

### FACTS AND PROCEDURAL HISTRORY

On February 15, 1999, petitioner entered a guilty plea to three counts of robbery and one count of armed robbery in the Circuit Court of the First Judicial District of Harrison County, Mississippi.  On February 17, 1999, the court sentenced petitioner to a seven-year jail term, with 13 years suspended.  After completing his seven-year sentence with the Mississippi Department of Corrections, petitioner was released from custody on June 15, 2004.  Following his release, petitioner began serving a three-year term of post-release supervision.  On August 12, 2005, prior to the completion of his post-release supervision term, a petition to revoke his supervised release

was filed and petitioner (with the assistance of counsel) confessed to violating the terms of his probation. As a result, the court sentenced petitioner to serve the suspended portion of his original sentence.

Respondents present evidence indicating that petitioner filed his first petition for post-conviction relief in state court on April 9, 2007. The petition was denied on May 30, 2007. Following the denial of his motion to correct his sentence, petitioner appealed and the trial court's decision was affirmed. *Caviness v. State*, 1 So.3d 917 (Miss. App. 2008), *reh'g denied* February 3, 2009, *cert. denied* April 14, 2009. He then filed a petition for Writ of Certiorari, signed February 19, 2009, which was denied on April 14, 2009. Petitioner does not dispute the time line as presented by Respondents.

## **LAW AND ANALYSIS**

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The earliest date that petitioner's sentence and conviction became final would have been March 20, 1999.  He was sentenced on February 17, 1999, pursuant to a guilty plea.  By statute, there can be no direct appeal from a guilty plea other than the narrow exception carved out by the Mississippi Supreme Court for those appeals regarding an alleged illegal sentence.  *See* Miss. Code Ann. § 99-35-101 (stating there can be no direct appeal from a guilty plea); *Acker v. State*, 797 So.2d 966, 967 (Miss. 2001); *Berry v. State*, 722 So.2d 706, 707 (Miss. 1998).  Given petitioner's failure to file a timely appeal, his judgment became final on March 20, 1999, or 30 days after he was sentenced on his guilty plea.  *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).  At that time, the one-year statute of limitations for federal habeas relief began to run.  Unless petitioner properly filed an application for post-conviction review on or before March 20, 2000, to toll the period of limitations, any habeas petition challenging his plea and sentence would be beyond the scope of the limitations period.  Petitioner did not file his initial state petition for post-conviction relief until April 9, 2007, when he filed what he referred to as a "Motion to Correct Illegal Portion of Sentence" with the Circuit Court of Harrison County, Mississippi.[1]  Petitioner did not file the instant § 2254 petition until April 9, 2010.  As both of these dates are well beyond the AEDPA's one-year deadline, his petition is time barred.

Even assuming *arguendo* that petitioner only became aware of the unconstitutional sentence upon his release on June 15, 2004, his current petition is nonetheless time barred.

---

[1] Said petition was considered a petition for post-conviction collateral relief and was denied on May 30, 2007.  Petitioner appealed and the denial was affirmed.

Giving petitioner the benefit of the doubt as to the above release date, he would have needed to file an application for post-conviction relief as contemplated by § 2244(d)(2) on or before June 15, 2005, to toll the limitations period. The pleadings of April 9, 2007, and April 9, 2010, were filed well beyond the AEDPA's one-year limit.

Further, assuming *arguendo* that petitioner became aware of his alleged improper sentence only after he pleaded guilty to a probation violation on August 15, 2005, the instant petition is still time barred. As mentioned above, petitioner did not file a state application for post-conviction relief until April 9, 2007. Petitioner was sentenced to serve the suspended portion of his original sentence on August 12, 2005. Therefore, in order for petitioner to effectively toll the limitations period, he would have needed to file an application for post-conviction relief no later than August 12, 2006, or September 11, 2006, if he is given the benefit of 30 days for appealing the probation revocation. Thus, even if the Court were to give petitioner every benefit of the doubt regarding the latest date when his conviction and sentence became final, his § 2254 petition for writ of habeas corpus is still time barred.

Petitioner's habeas petition was filed anywhere from approximately seven months (calculated one year plus 30 days from the date petitioner was sentenced to serve the suspended portion of his sentence stemming from his admitted parole violation) to approximately 1,759 days (calculated one year from the date petitioner was released from custody) to approximately ten years (calculated one year plus 30 days from the original date of sentencing) beyond the expiration of the AEDPA's one-year limitation period. Petitioner does not present any evidence or argument disputing the calculation of these time lines. Moreover, petitioner has not identified any rare and exceptional circumstances that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d

401, 408 (5th Cir. 2000) ("equitable tolling should be applied only if the applicant diligently pursues § 2254 relief."); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

In his [12] Supplemental Motion, petitioner submits a copy of an offender data sheet and argues that it "clearly shows drastic difference between what what [sic] he was sentenced to and the erroneous calculation used to keep petitioner in prison." The undersigned construes petitioner's [12] Supplemental Motion to be further argument and evidence in support of his contention that he is serving an illegal sentence. The undersigned has reviewed the [12] motion and accompanying offender data sheet but finds that it is not relevant to the issue of whether the instant § 2254 petition is time-barred.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondents' [10] Motion to Dismiss be **GRANTED** and that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED** as time barred**.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings,

conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 21st day of October, 2010.

                                            *s/ Robert H. Walker*
                                            ROBERT H. WALKER
                                            UNITED STATES MAGISTRATE JUDGE